UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------- X
                                              :

**BARROW INDUSTRIES, INC.,**                       :

            **Plaintiff,**            :    03 Civ. 12240 (REK)

    -against-                                   :

**J.C. PENNEY COMPANY, INC. and**    :
**VICTORIA CLASSICS,**                     :

            **Defendants.**          :
---------------------------------------------------------------------- X

## DEFENDANTS J.C. PENNEY COMPANY, INC.'S AND TEXTILES FROM EUROPE, INC. d/b/a VICTORIA CLASSICS' ANSWER

For their Answer to the Complaint of Plaintiff Barrow Industries, Inc. ("Plaintiff" or "Barrow"), Defendants J.C. Penney Company, Inc. ("J.C. Penney") and Textiles From Europe, Inc. d/b/a Victoria Classics ("Victoria Classics") (collectively, " Defendants"), by their attorneys Greenberg Traurig, LLP, and responding to like-numbered paragraphs, state the following:

    1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

    2.    Defendants admit the allegations contained in Paragraph 2 of the Complaint.

    3.    Defendants admit the allegations contained in Paragraph 3 of the Complaint, except that Victoria Classics' correct name is Textiles from Europe, Inc. d/b/a Victoria Classics.

4. Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §1338(a) and that this statute speaks for itself.

5. Defendants admit that this Court has personal jurisdiction over Defendants and that Defendants have transacted business in Massachusetts, but Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that the Plaintiff contacted Defendants regarding the alleged infringement but deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint is barred by laches, acquiescence, estoppel and/or waiver.

### Third Affirmative Defense

Plaintiff does not have a valid copyright in the design referred to in the Complaint.

### Fourth Affirmative Defense

Defendants have not engaged in any of the acts of infringement or other acts complained of by Plaintiff, nor have they violated any valid rights of Plaintiff.

### Fifth Affirmative Defense

The design in question is not subject of copyright protection as it is within the public domain.

### Sixth Affirmative Defense

Profits, if any, attributable to the inclusion of the design in question are *de minimis*.

## PRAYER FOR RELIEF

WHEREFORE**,** Defendants request that this Court**:**

    A. Enter Judgment for Defendants and against Plaintiff on all of its counts;

  B. Award Defendants the costs of the action and its attorneys' fees; and

  C. Award Defendants such other relief as the Court deems just and proper.

Dated: Boston, Massachusetts

  April 1, 2004

           Respectfully submitted,
           Defendants Textiles From Europe, Inc. d/b/a
           Victoria Classics and J.C. Penney
           Corporation, Inc.,


        By: _s/James Ponsetto_____
           James P. Ponsetto (BBO 556144)
           **GREENBERG TRAURIG, LLP**
           One International Place
           Boston, MA 02110
           (617) 310-6000

## **CERTIFICATE OF SERVICE**

I, **James Ponsetto,** hereby certify that a true and correct copy of the foregoing ANSWER OF TEXTILES FROM EUROPE, INC. d/b/a VICTORIA CLASSICS and J.C. PENNEY, INC. was served on this 1st day of April, 2004 by first-class mail, via the U.S. Postal Service, on counsel for the Plaintiff.

                                                S/James Ponsetto_____
                                                James Ponsetto (BBO 556144)
                                                GREENBERG TRAURIG, LLP
                                                One International Place
                                                Boston, MA  02110
                                                (617) 310-6000

\\ny-srv01\955535v01